# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>AHMAD JAWIDE NAYABKHIL | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-05-00764-001 SBA<br>BOP Case Number: DCAN405CR000764-001<br>USM Number:        AHMAD JAWIDE NAYABKHIL<br>Defendant's Attorney :ELLEN LEONIDA |

**THE DEFENDANT:**
[**x**]   admitted guilt to violation of condition(s) counts 1,2,3,4,5, & 7 of the Probation Form 12.  of the term of supervision.
[ ]   was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:

Defendant's Residence Address:

Defendant's Mailing Address:

OCTOBER 31, 2011
Date of Imposition of Judgment

*Saundra B Armstrong*
Signature of Judicial Officer

Honorable Saundra B. Armstrong, U. S. District Judge
Name & Title of Judicial Officer

11/2/11
Date

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocation

DEFENDANT:  Judgment - Page 2 of 5
CASE NUMBER:    CR-05-00764-001 SBA

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | DEFENDANT FAILED TO REFRAIN FROM EXCESSIVE USE OF ALCOHOL | JANUARY 31, 2006 |
| 2 | DEFENDANT FAILED TO REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE | OCTOBER 25, 2005 |
| 3 | DEFENDANT FAILED TO PARTICIPATE IN A PROGRAM OF TESTING AS INSTRUCTED BY THE PROBATION OFFICER | JANUARY 6, 2006 |
| 4 | DEFENDANT FAILED TO PARTICIPATE IN A CORRECTIONAL TREATMENT PROGRAM TO OBTAIN ASSISTANCE FOR DRUG OR ALCOHOL ABUSE AS DIRECTED BY THE PROBATION OFFICER | FEBRUARY 15, 2006 |
| 5 | DEFENDANT FAILED TO REPORT TO PROBATION AS INSTRUCTED BY THE PROBATION OFFICER | JANUARY 17, 2006 |
| 7 | DEFENDANT WAS CONVICTED OF FOUR FELONY COUNTS IN SACRAMENTO COUNTY SUPERIOR COURT | SEPTEMBER 16, 2010 |

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

DEFENDANT: AHMAD JAWIDE NAYABKHIL  Judgment - Page 3 of 5
CASE NUMBER: CR-05-00764-001 SBA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  18 months. .

[**x**]  The Court makes the following recommendations to the Bureau of Prisons:
That the defendant be housed outside of California in Bastrop Texas.

[**x**]  The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]  The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:      AHMAD JAWIDE NAYABKHIL                              Judgment - Page 4 of 5
CASE NUMBER:    CR-05-00764-001 SBA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  18 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)
[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

It is the order of the Court that the defendant shall comply with the following standard conditions:

1)  The defendant shall not leave the judicial district without permission of the Court or probation officer;
2)  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | AHMAD JAWIDE NAYABKHIL | Judgment - Page 5 of 5 |
| CASE NUMBER: | CR-05-00764-001 SBA | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The offender shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

2. Immediately upon release from confinement, the offender shall reside for a period of six months in a community confinement center, including a Residential Reentry Center, and shall observe the rules of that facility. Defendant shall remain at that facility until discharged by the supervising probation officer.

3. The offender shall submit his person, residence, vehicle, office, or any property under his control to search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4. The offender shall not associate with any member of the Northern Structure/Norteno gangs. The offender shall have no connection whatsoever with the Northern Structure/ Norteno or any other gang. If he is found to be in the company of such individuals or wearing the clothing, colors, or insignia of the Northern Structure/Norteno, or any other gang, the court will presume that the association was for the purpose of participating in gang activities.

5. The offender shall not possess any false identification and shall provide his true identity at all times.

6. The offender shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

7. The offender shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.