# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### Oakland Venue

### Report on Offender Under Supervision

FILED

DEC 3 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**Name of Offender**
Ahmad Jawide Nayabkhil

**Docket Number**
CR 05-00764-001 SBA

**Name of Sentencing Judge:** The Honorable Lawrence K. Karlton
Chief United States District Judge, Emeritus (Eastern District of California)

**Date of Original Sentence:** April 25, 2000

**Original Offense:** Count One: Convicted Felon in Possession of Firearm and Ammunition, 18 U.S.C. § 922 (g), a Class C Felony.

**Original Sentence:** 70 months custody, 3 years supervised release

**Special Conditions**: Special assessment $100; drug/alcohol treatment; search; provide probation officer access to any requested financial information; do not possess or have access to any paging device or cellular phone without advance permission of probation officer and provide all billing records for such devices; pay co-payment of $5.00 per month for treatment and/or testing.

On November 21, 2005, jurisdiction was transferred from the Eastern District of California to the Northern District of California, and the matter was assigned to Your Honor.

**Prior Form(s) 12:** On March 15, 2006, a no bail warrant was issued for the offender for failing to refrain from excessive use of alcohol, unlawfully using a controlled substance, failing to submit to urinalysis testing, failing to complete a residential treatment program, failing to report to the probation officer, and for offering a drug test administrator $200.00 to report a negative drug test result instead of the actual positive drug test result.

On October 3, 2011, an Amended Petition for Arrest Warrant for Offender Under Supervision was filed after the offender's arrest for stealing a vehicle, evading law enforcement, resisting arrest, assault with a deadly weapon, and possession of controlled substance. On October 31, 2011, the offender appeared before Your Honor and his supervision was revoked. At that time the offender was sentenced to 18 months custody followed by 18 months of supervised release. Additional special conditions of supervision included: six months at the Residential Re-entry Center (RRC) and no association with Northern structure gangs.

On September 11, 2013, the Court took judicial notice of the offender's submission of positive urinalyses on August 9, 2013, and August 28, 2013, respectively.

RE: Nayabkhil, Ahmad Jawide                                                                 2
        CR 05-00764-001 SBA

**Type of Supervision**  
Supervised Release

**Date Supervision Commenced**  
October 26, 2012

**Assistant U.S. Attorney**  
Maureen Bessette

**Defense Counsel**  
Ellen Leonida (AFPD)

---

### Petitioning the Court to Take Judicial Notice

### Cause

<u>Charge Number</u>               <u>Violation</u>

One                             There is probable cause to believe that the offender violated the mandatory condition that the defendant shall refrain from any unlawful use of a controlled substance.

                                     On November 14, 2013, the probation officer received notice that the offender failed to report to submit a urinalysis at the treatment provider on November 13, 2013. As a result, of the missed urinalysis, on November 15, 2013, the probation officer requested that the offender submit a urinalysis. The offender reported that there was no need to submit a urinalysis, as he used methamphetamine approximately three days prior. No urinalysis was taken, and at that time, the offender signed a report admitting to illegal use of a prohibited controlled substance.

                                     On November 20, 2013, the offender submitted a urinalysis at the probation office, which returned presumptively positive for methamphetamine, amphetamine, and opiates. The sample was sent to Alere Toxicology for confirmation, and on December 3, 2013, was confirmed positive for methamphetamine.

                                     The evidence to support this charge is contained in the chronological record dated November 14, 2013, November 15, 2013, and November 20, 2013, respectively; the Northern District of California Admission form dated November 15, 2013, and November 20, 2013, respectively; and the Alere Toxicology Drug Test Report, dated December 3, 2013.

<u>Charge Number</u>               <u>Violation</u>

Two                             There is probable cause to believe that the offender violated special condition number seven that states, in part, the offender shall participate in a program of testing and treatment for drug abuse.

                                     On September 9, 2013; September 27, 2013; October 4, 2013; October 23, 2013; October 28, 2013; November 6, 2013; November 13, 2013;

RE: Nayabkhil, Ahmad Jawide     3
CR 05-00764-001 SBA

> November 21, 2013; and December 3, 2013, the offender failed to report to the treatment provider for urinalysis testing.
>
> The evidence to support this charge is contained in the Monthly Treatment Reports dated October 3, 2013 and October 31, 2013, and the Missed U.A. or Sweatpach Memos, dated November 7, 2013, November 14, 2013, November 22, 2013, and December 4, 2013, respectively.

### Action Taken and Reason

Pursuant to 18 U.S.C. §3583(g)(4), if the defendant as a part of drug testing, tests positive for illegal controlled substances more than three (3) times over the course of one (1) year, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized by subsection (e)(3). Mr. Nayabkhil has tested positive four (4) times since August 2013, however, the Court has the discretion to consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception to mandatory revocation.

Mr. Nayabkhil recognizes that he has a substance abuse problem, and when confronted with the positive urinalyses he admitted substance use. When the undersigned officer informed Mr. Nayabkhil that he would be referred to residential treatment, Mr. Nayabkhil was initially resistant, as he was seeking group treatment with his own treatment provider. However, after taking the opportunity to think about the benefits of residential treatment, Mr. Nayabkhil decided to take the opportunity to address his addiction in that manner. On December 9, 2013, Mr. Nayabkhil was admitted into residential treatment at Center Point, Inc., and as of this date no issues have been reported.

The undersigned recommends that Mr. Nayabkhil be granted the opportunity to participate in residential substance abuse treatment, in an effort to address his addiction in a structured environment. The undersigned further recommends that no additional court action be taken at this time, with the understanding that formal court action will be requested, should there be additional violation conduct.

Respectfully submitted,                     Reviewed by:

_____           _____
Shadeequa M. Smith                         Amy Rizor
U.S. Probation Officer                     Supervisory U.S. Probation Officer
Date Signed: December 17, 2013

**RE:**   Nayabkhil, Ahmad Jawide
     CR 05-00764-001 SBA

4

THE COURT ORDERS:

- [x] The Court concurs and takes judicial notice
- [ ] Submit a request to modify supervision
- [ ] Submit a request for a warrant
- [ ] Submit a request for summons
- [ ] Other:

_____12/30/13_____     _____
Date                                           Saundra Brown Armstrong
                                                     Senior United States District Judge